## TOWNSHIP OF WASHINGTON v. BOROUGH OF ETNA.

Submitted July 12, 1904—Decided November 7, 1904.

The proceedings of commissioners appointed by the Court of Common Pleas, under the act relating to newly-created municipalities (*Pamph. L.* 1898, *pp.* 28, 393), are subject to review by *certiorari* from this court with respect to their legality.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the prosecutor, *Reuben M. Hart.*

For the defendant, *Wendell J. Wright.*

In consequence of the illness of Justice Hendrickson he has been prevented from taking part in the decision, and the case is therefore decided on the opinion of

DIXON, J. On the application of the committee of Washington township, presented in September, 1903, the Court

of Common Pleas of Bergen county appointed three commissioners under the act relating to newly-created municipalities (*Pamph. L.* 1898, *pp.* 28, 393) to apportion the assets and liabilities of the old township of Washington between the present township and the borough of Etna, which, on April 8th, 1903, had been created out of part of the old township. *Pamph. L.* 1903, *p.* 374. These commissioners, in making their apportionment, refused to include among the debts of the old township the claim represented by the note of that township, dated January 23d, 1903, held on April 8th, 1903, by the Hackensack National Bank, which was the subject of consideration by this court in the case of *Ford* v. *Washington, ante p.* 49. The reason for such refusal was that overruled in the case just mentioned, and nothing need now be added to the opinion then rendered to show the illegality of that reason.

Although the statute under which the commissioners were appointed declares that their determination shall be binding and conclusive upon the municipalities concerned, that does not impair the power of this court to supervise the proceedings of all subordinate statutory tribunals with respect to their legality.

The present apportionment must be set aside, but without costs to either party.

. On due notice by either municipality the court will hear counsel as to what (if any) further order should be made by this court.